IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | Criminal No.   5:23-CR-375 (GTS) |
| | ) | |
| v. | ) | |
| | ) | |
| **LOUIS LAPOLLA,** | ) | |
| | ) | |
| | ) | |
| **Defendant.** | ) | |

### SENTENCING MEMORANDUM OF THE UNITED STATES

On May 10, 2024, the defendant, Louis LaPolla, pled guilty to one felony count of mail fraud, in violation of 18 U.S.C. § 1341. In a plea agreement submitted to the Court in conjunction with his plea, the defendant agreed to pay restitution in the total amount of $38,616, and he consented to a separate forfeiture money judgment in the same amount. Dkt. No. 26. The defendant is scheduled to be sentenced by this Court at a hearing in Syracuse on September 10, 2024, at 11:00 am. For the reasons described below and those contained in the record, the Government respectfully asks this Court to sentence the defendant to a term of imprisonment within the advisory guidelines range and to order the defendant to pay $38,616 in restitution to his victims and to pay a forfeiture money judgment to the United States in the amount of $38,616. The Government further seeks a term of supervised release of 3 years.

### I.    STATUTORY AND GUIDELINES PROVISIONS

The Defendant's conviction on Count 1 of the Indictment carries a maximum term of imprisonment of 20 years, with no mandatory minimum term. 18 U.S.C. § 1341; PSR ¶ 77. The Defendant also faces a term of supervised release of at up to 3 years, 18 U.S.C. § 3583(b)(2); PSR ¶ 80, and a fine of up to $250,000, 18 U.S.C. § 3571(b); PSR ¶ 85.

The Government has no objections to the initial PSR. When that version was published to the parties, the defendant had not yet submitted a statement to the Probation Department accepting responsibility for the offense, so the initial PSR does not give the defendant any credit for acceptance of responsibility. PSR ¶¶ 27, 38. The Government understands from the defendant's attorney that the defendant has since submitted a statement to Probation acknowledging his offense conduct, so the Government anticipates that the defendant will ultimately receive acceptance of responsibility credit, leading to a total offense level of 11. *See* PSR ¶¶ 29-39. The Government agrees that the Defendant is in Criminal History Category I. PSR ¶ 45. If the defendant qualifies for acceptance of responsibility credit, his advisory guidelines imprisonment range would be 8-14 months. The guidelines term of supervised release is 1-3 years, U.S.S.G. § 5D1.2(a)(2); PSR ¶ 81, and the guidelines fine range is between $5,000 and $55,000, U.S.S.G. § 5E1.2(c)(3); PSR ¶ 87. Based on the defendant's reported earnings and assets, the Probation Department is of the opinion that the defendant does not have the financial ability to pay a fine. PSR ¶ 76.

## II.     OFFENSE CONDUCT

This crime was reprehensible. The defendant played on the sympathies of the public by soliciting money for a scholarship fund in honor of his late wife just days after she died, and he promised to use the money to help graduates of Thoms R. Procter High School attend college. He stole envelopes and stamps from the school district to send out his solicitations (and has been prosecuted separately in state court for that related offense), and he capitalized on his position in order to execute the fraud scheme, in that the first batch of mailed donation solicitations identified the defendant as the Vice President of the Utica Board of Education. The defendant, who had served previously served for 12 years as mayor of Utica, knew that his reputation as a public servant would lead to a large number of donations. To make it easier to cash the checks and put

them to his own use, the defendant asked donors to make the checks out to him personally. He did set up a bank account in the name of the scholarship fund to process checks made out to the fund itself, but he then spent that money on himself just like all the other donations, apart from a meager $1,000, which he actually forwarded to the school for the benefit of students. Year after year, the defendant took money that donors gave in order to benefit students, and he spent the money instead on his own expenses, including to support his gambling habit.[1]

### III.     CONCLUSION

A sentence should be reasonably designed to achieve all the goals of sentencing, taking into account the nature and seriousness of the defendant's crimes, the need for adequate deterrence to criminal conduct and the need to protect the public from further crimes of the defendant's, and each of the other relevant considerations required under 18 U.S.C. § 3553(a).

The defendant defrauded hundreds of people, and he did it in such a cynical way that future endeavors to raise funds for scholarships in the Utica area may be hampered. He also stole enough money to fund dozens, if not hundreds, of scholarships for worthy high school graduates. Accordingly, the Government respectfully urges this Court to sentence the defendant to a term of imprisonment within the advisory guidelines, range, followed by a 3-year term of supervised

---

[1] As of this writing, the defendant has not submitted any objections to the PSR. The Government understands from consulting with the defendant's attorney that the defendant may object to the provision in the PSR detailing his gambling losses. *See* PSR ¶ 58. Even if the amount of his losses can be quibbled with, the Government believes that the salient and unobjectionable point is that the defendant incurred substantial gambling losses over a six-year period between 2017 and 2022, which is relevant to his motivation for committing the offense and to the conditions of supervision necessary to ensure his compliance with any financial obligations ordered by this Court at sentencing.

release,[2] and to order the defendant to pay $38,616 in restitution to his victims and a separate $38,616 forfeiture money judgment to the United States.

Dated: August 20, 2024               Respectfully submitted,

CARLA B. FREEDMAN
United States Attorney

By: /s/ Michael F. Perry

Michael F. Perry
Assistant United States Attorney
Bar Roll No. 518952

---

[2] The Government also urges this Court to impose the two special conditions of supervision recommended by the Probation Department. *See* PSR at 20. The first recommended special condition – a prohibition on gambling and visiting gambling establishments – is necessary and justified based on the defendant's history of incurring large gambling losses, including during the time of the offense conduct. Specifically, the defendant incurred losses of over $300,000 at just one casino between January 2017 and September 2022. PSR ¶ 58. This Court may not have enough information to label the defendant as a compulsive gambler, but certainly any continued gambling activities of this sort would hamper the defendant's ability to pay his financial obligations in this case. The second recommended special condition – a requirement that the defendant provide the Probation Department with access to any requested financial information – is necessary and justified because the defendant does not have the financial resources to pay his restitution and forfeiture obligations in a lump sum, so the Probation Department needs to know how much money and how many assets the defendant has, in order to put him on a payment plan and to monitor his compliance with it.